_________________IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

IN THE MATTER OF:
          BIANCA ARNESHE ASKEW,          )
                                         )
DOROTHY LEWIS,                           )
                                         )
          Petitioner/Appellee,           )          Fayette Circuit No. 3807
                                         )          Appeal No. 02A01-9708-CV-00201
vs.                                      )
                                         )
JULIE DONOHO,                            )
                                         )
          Respondent/Appellant.          )

---

SEPARATE CONCURRENCE

---

HOLLY KIRBY LILLARD, J.

          I agree with the result reached by the majority, as well as the standard of proof adopted by the majority for a non-custodial parent to regain custody from a nonparent custodian.  However, I write separately to clarify my understanding of this standard and its application in this case.

          As noted by the majority, the standard adopted in this case is not the same as the standard for change of custody as between two parents.  While both involve "changed circumstances," the standard for a change of custody as between two parents, the court must find a material change in circumstances "compelling enough to warrant a change in custody." ***Short v. Short***, No. 03A01-9506-CH-00168, 1994 WL 728521, at *2 (Tenn. App. Dec. 11, 1995).  The behavior of the custodial parent must "clearly posit[ ] or cause[ ] danger to the mental or emotional well-being" of the child. ***Musselman v. Acuff***, 826 S.W.2d 920, 923-924 (quoting ***Ballard v. Ballard***, 434 So. 2d 1357, 1360 (Miss. 1983)).  Because of the strong interest in stability for children, efforts by the non-custodial parent to improve his or her circumstances are not sufficient to meet this standard:

>           In sum, then, in determining whether to change custody, the noncustodial parent has the burden of proving a material change in circumstances, that is, behavior by the custodial parent which clearly endangers the well-being of the child.  Only after it is determined that such a material change in circumstances has occurred does the trial court perform a comparative fitness analysis to determine if custody should be changed. Efforts by the noncustodial parent to improve his or her circumstances are insufficient to support a determination of material change in circumstances; they are usually relevant only to the comparative fitness analysis performed after there has been a threshold finding of a material change in the circumstances of the custodial parent.

***Williams v. Williams***, Appeal No. 01A01-9610-CV-00468, Tenn. Court of Appeals, Western Section, 1997 Tenn. App. LEXIS 357 at *8 (filed May 23, 1997).

In this case, however, involving a custody dispute between a parent and a non-parent, we must consider the parent's fundamental right to raise the child. *See In re Adoption of Female Child*, 896 S.W.2d 546, 548 (Tenn. 1995). The majority in this case holds that the non-custodial parent must establish "changed circumstances showing that an award of custody to the parent would no longer result in substantial harm to the child." The majority breaks this into two prongs: establishing "changed circumstances," and then demonstrating "the absence of substantial harm to the child in the event of custodial modification."

To clarify, it is my understanding that "changed circumstances" in this context would mean establishing that the reason for the initial custody award to the non-parent has been remedied. Once this is established, in determining whether substantial harm would result from a change in custody, the Court would consider; *inter alia*: (1) the non-custodial parent's efforts to maintain a relationship with the child and support the child financially, (2) the custodial non-parent's cooperation with visitation and the parent's efforts to maintain a relationship with the child, (3) circumstances in the home atmosphere of either the custodial non-parent or the noncustodial parent which could be detrimental to the child, (4) any special needs of the child, and (5) the length of time the child has lived with the custodial non-parent. The Court must weight the fundamental right of the parent to raise the child against the child's need for stability and continuity.

In this case, the majority states that "the only factual basis upon which Donoho contends 'changed circumstances' was established is Donoho's contention that Lewis failed to cooperate with Donoho in arranging court ordered visitation." However, in the trial court below, Donoho presented evidence that she has a stable home and supportive family members and is able to care for her other two children. Although the record is apparently unclear about the reason for the original award of custody to Lewis, this evidence would tend to establish "changed circumstances," the first prong of the standard. The majority states that the trial court never reached the second prong, the issue of whether substantial harm would result from a change in custody. However, the other evidence cited by the majority, Donoho's infrequent visitation and irregular payment of child support, would appear to be relevant to the issue of substantial harm. Under the circumstances, I agree that Donoho overall failed to present sufficient evidence to satisfy both prongs of the applicable standard.

HOLLY KIRBY LILLARD, J.